## Case No. 15,777.

### UNITED STATES v. MILLS.

[15 Int. Rev. Rec. 18.]

District Court, D. Massachusetts. Jan. 15, 1872.

SMUGGLING—SENTENCE—FINE.

In this case Dexter T. Mills and Lund were brought up on the 15th of January before SHEPLEY, Circuit Judge, for sentence upon a conviction for smuggling in a case which occupied the circuit court here during a fifteen days' trial a year since. After Mills and Lund were convicted they filed motions for a new trial and in arrest of judgment, which raised every possible ques-

tion as to the weight and character of the testimony, the regularity of proceedings in the venires upon which the grand and petit juries were empannelled, and the sufficiency of the indictment. These motions were elaborately argued last summer, and were all overruled by SHEPLEY, Circuit Judge [case unreported].

The case was tried by George S. Hillard and M. J. Dickinson, Jr., for the United States (Mr. Dickinson then being assistant United States attorney), and Mr. Hillard's argument to the jury (the last while he was United States attorney) has been considered his best effort of the kind. The preparation of the case, and entire control of the details of evidence and management of the trial, fell upon Mr. Dickinson, and as they had Messrs. Ranney, Lothrop, Stevens, and Morse (four of the ablest Boston lawyers) against them, they may justly feel proud of the successful termination of the case, by the imposition and payment (within an hour) of the largest fine ever imposed and paid in the U. S. courts of this district. Larger fines were imposed in the Mellen, Ward, and Hartwell Cases, because the law required fines equal to amounts embezzled; but the fines were remitted, and imprisonment was the only actual punishment inflicted.

T. K. Lothrop, who appeared for Lund, asked for a postponement of sentence in his case on account of the sickness of his wife. The district attorney not objecting, the request was granted by the court. Mr. Lothrop also desired to make a suggestion to the court upon the motion made in arrest of judgment. The court had decided, as he understood, that some of the grounds of the motion, such as the sufficiency of the venires, would have been good, if they had been taken advantage of earlier in the cause. If the court would be willing to hear it further, he would like to argue the question of the reasonableness of presenting these grounds for arrest under the practice of this court. The judge said that he would be very willing to hear the question argued, if counsel desired to speak further upon it.

D. H. Mason, U. S. Atty., in moving the court for the sentence of Mills, said:

"I now move for sentence upon Dexter T. Mills, who stands convicted for a violation of section 4 of the acts of congress of July 18, 1866, c. 201 (14 Stat. 179). The indictment is before you. The defendant more than a year ago had a protracted trial by a jury of his country, assisted by able and distinguished counsel. Every means of defence known to the law was then exhausted, and after full deliberation a general verdict of guilty was rendered against him. A motion for a new trial and in arrest of judgment was at once made, and both the law and the evidence were carefully re-examined by your honor, resulting by the opinion of this court in the full confirmation of the guilt of this defendant. The court and the jury in their different capacities entirely concur in this judgment. There is no other tribunal established by law competent to review the case. Everybody who can speak under the law has pronounced him guilty. I am bound to say, as an officer of the government, that I have seen nothing in the condition or conduct of this defendant towards the government, during or since the trial, which I can allude to in mitigation of his sentence. He stood in open defiance of the law when the crime was committed— he seems to me to stand so now; after so much time and such a trial, it is too late to talk about injured innocence. The crime is a very serious one, and was committed against the government which was protecting the defendant. It is one difficult to detect and prove; convictions are therefore rare. The revenues of the country, as well as the authority of the law and the interest of honest importers, have suffered greatly by this crime. The motives of smugglers and of those who aid them are entirely mercenary, selfish, and inexcusable. I leave the defendant to the court under the law. My distinguished friend who assisted at the trial of this case, and is now the special counsel for the government, is more familiar with the nature of the proof which was then given than I am, and I will leave it to him to say what he may desire in reference to this sentence."

Mr. M. F. Dickinson Jr., formerly assistant U. S. attorney, who was associated with Hon. Geo. S Hillard, then U. S. attorney in the trial of this case, then made a brief statement of the principal facts in the case. The indictment contained sixty-nine counts. The defendants were charged with fraudulently receiving, concealing, and facilitating the transportation of smuggled goods, in violation of the sixth section of the act of July 18, 1866. A large number of the counts were nol pros'd before the trial, or during its progress. The defendants were convicted upon eleven counts charging eleven different importations into the port of Boston. The importations were made in the schooner D. H. Hodgkins during the year 1869. The goods smuggled were gin, brandy, whiskey, nutmegs, and a small quantity of woolen socks and hay. Other importations were to New York, and those were the counts nol pros'd. The last cargo was seized on the 18th of November at Loring's wharf, and this cargo was forfeited to the United States. Mr. Dickinson presented to the court a rapid résumé of the part played by Mr. Mills in the business, claiming that the latter acted as financial agent in the unlawful transactions, rather than as the manipulator of the goods.

Mr. Ranney, in behalf of the defendant, said that Mills had been convicted, and it must be assumed that he was guilty. The court was familiar with the case, as well as with those

facts which had been stated as other facts which ought to weigh in mitigation. He was not convicted of smuggling goods, but of receiving and of fraudulently participating in the sale of such goods. For that alone he was to be sentenced. Mr. Mills was indicted with Mr. Lund and three or four others. These others were so circumstanced that they alone could explain the true position of Mills. They could not, however, testify, and if they had been permitted, he thought that Mr. Mills would not have been convicted. It did not appear by the evidence offered by the government that he ever handled the goods or had anything to do with them. Besides, Mr. Mills was not a participant in the smuggling. The government got all the goods in the last cargo. The counts founded upon the New York importations had been abandoned and should have no influence upon the sentence. He desired to call a few gentlemen who have known Mr. Mills for many years, who would testify as to his character and reputation as a citizen and honorable merchant.

THE JUDGE said that he supposed that this would hardly be denied, but that he would hear the testimony of a few of them if it was desired.

Charles L. Thayer, president of the City Bank, Dr. Charles E. Buckingham, Mr. Charles F. Poor, Mr. Daniel A. Patch, Mr. Warren B. Potter, and Mr. George F. Dexter were then called, and testified to the character of Mr. Mills as an upright and honorable citizen and business man.

The clerk then read the sentence as imposed by the court, which was $3,000 for a violation of the law as alleged in each of the seven counts, amounting in all to $21,000.